IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALOYSIUS T. HUGHES | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 3:10-cv-01859-WJN |
| | : | |
| v. | : | |
| | : | ELECTRONICALLY FILED |
| CITICARDS | : | |
| and | : | |
| PHILLIPS & COHEN ASSOCIATES, LTD,: | | JUDGE WILLIAM J. NEALON |
| Defendants. | : | |

**DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
AMENDED COMPLAINT**

AND NOW COMES Defendant, PHILLIPS & COHEN ASSOCIATES, LTD. ("PCA"), by and through its attorneys, SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C., and answers the Complaint as follows:

1.  PCA denies the allegations in ¶ 1 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

2.  The allegations in ¶ 2 do not pertain to PCA and thus an answer is not required of it. To the extent an answer is required, PCA denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

3.  PCA admits only that it has an office located at the address referenced in ¶ 3 and that when it operates as a debt collector as defined by 15 U.S.C. §1692(a)(6), certain of its activities may be regulated by the FDCPA. Except as specifically admitted, PCA denies the allegations in ¶ 3.

4.  PCA denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

5. PCA denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

6. PCA denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

7. PCA denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

8. PCA admits only that the subject account was transferred to it. Except as specifically admitted, PCA denies the allegations in ¶ 8.

9. The document referenced in ¶ 9 and attached as Exhibit B speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 9 state otherwise, they are denied.

10. PCA denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

11. PCA denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

## COUNT I: INTENTIONAL MISREPRESENTATION

12. Paragraph 12 makes no allegations against PCA to which an answer is required, but contains only a legal conclusion. To the extent an answer is necessary, and to the extent plaintiff has misstated the law, PCA denies the allegations in ¶ 12.

13. Paragraph 13 makes no allegations against PCA to which an answer is required, but contains only a legal conclusion. To the extent an answer is necessary, and to the extent plaintiff has misstated the law, PCA denies the allegations in ¶ 13.

14. Paragraph 14 makes no allegations against PCA to which an answer is required, but contains only a legal conclusion. To the extent an answer is necessary, and to the extent plaintiff has misstated the law, PCA denies the allegations in ¶ 14.

15. Paragraph 15 makes no allegations against PCA to which an answer is required, but contains only a legal conclusion. To the extent an answer is necessary, and to the extent plaintiff has misstated the law, PCA denies the allegations in ¶ 15.

16. Paragraph 16 makes no allegations against PCA to which an answer is required, but contains only a legal conclusion. To the extent an answer is necessary, and to the extent plaintiff has misstated the law, PCA denies the allegations in ¶ 16.

17. Paragraph 17 makes no allegations against PCA to which an answer is required, but contains only a legal conclusion. To the extent an answer is necessary, and to the extent plaintiff has misstated the law, PCA denies the allegations in ¶ 17.

18. PCA admits only that plaintiff notified it that the subject account belonged to his late mother. Except as specifically admitted, the allegations in ¶ 18 are denied.

19. Paragraph 19 makes no allegations against PCA to which an answer is required, but contains only a legal conclusion. To the extent an answer is necessary, and to the extent plaintiff has misstated the law, PCA denies the allegations in ¶ 19.

20. PCA denies the allegations in ¶ 20.

21. PCA denies the allegations in ¶ 21.

22. PCA denies the allegations in ¶ 22.

## COUNT II: HARASSMENT

23. PCA denies the allegations in ¶ 23.

24. Paragraph 24 makes no allegations against PCA to which an answer is required, but contains only a legal conclusion. To the extent an answer is necessary, and to the extent plaintiff has misstated the law, PCA denies the allegations of ¶ 24.

25. PCA denies the allegations in ¶ 25.

## COUNT II: PUNITIVE DAMAGES

26. PCA denies the allegations in ¶ 26.

In further Answer to the Amended Complaint, Defendant Phillips & Cohen Associates, Ltd. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in Plaintiff's Amended Complaint fails to state a claim against PCA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of PCA, or for whom PCA is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(d), Plaintiff's Amended Complaint is barred by the one year statute of limitations.

WHEREFORE, Defendant Phillips & Cohen Associates, Ltd. requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

Dated: January 21, 2011                              Respectfully submitted,

/s/ Aaron R. Easley
Aaron R. Easley (73683)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
Phillips & Cohen Associates, Ltd.

## CERTIFICATE OF SERVICE

I certify that on this 21st day of January, 2011 a copy of **Defendant Phillips & Cohen Associates, Ltd.'s Answer and Affirmative Defenses to Plaintiff's Amended Complaint** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

>Michael Perry, Esquire
>O'Malley & Harris, P.C.
>345 Wyoming Ave.
>Scranton, PA 18503
>Tel.: (570) 348-3711
>Fax.: (570) 348-4092
>mperry@omalleyandharris.com
>Attorney for Plaintiff

>/s/ Aaron R. Easley
>Aaron R. Easley, Esq.
>Attorney for Defendant
>Phillips & Cohen Associates, Ltd.

\\sfnfs02\prolawdocs\8985\8985-26581\Hughes, Aloysius T\298081.doc