**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALOYSIUS T. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.:3:10-cv-01859-WJN |
| v. | ) |
| | ) |
| CITICARDS and | ) |
| PHILLIPS & COHEN ASSOCIATES, LTD | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PHILLIPS & COHEN ASSOCIATES, LTD.'S
MOTION FOR SUMMARY JUDGMENT**

Aaron R. Easley, Esq.
    Of Counsel and on the Brief

Defendant, Phillips & Cohen Associates, LTD. ("PCA"), through counsel and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby moves for entry of judgment as a matter of law in its favor and against Plaintiff, Aloysius T. Hughes.

## INTRODUCTION

Plaintiff alleges in his Amended Complaint claims against PCA for Intentional Misrepresentation, Negligence, Harassment, and Punitive Damages, all arising out of PCA's alleged inaccurate reporting of a Citicards account on his credit report, which Citicards account belonged to his deceased mother. PCA denies wrongdoing of any kind and seeks entry of judgment as a matter of law in its favor.

There is no basis for an action of any kind against PCA. Ultimately, PCA does not credit report consumer debts to credit reporting agencies. Penultimately, PCA did not make a misrepresentation of any kind to Plaintiff; did not act in a negligent manner toward Plaintiff; did not harass Plaintiff; and there is no basis for the awarding of punitive damages.

As the court is aware, Citicards is no longer a party to the action as the Court entered an Order dismissing it on June 21, 2011. [Dkt. No. 24.]

## STATEMENT OF FACTS

Plaintiff's deceased mother, Marion Hughes, maintained a credit card account with Citcards bearing account number 5491 4920 1449 0548. Pl.'s Am. Compl. at ¶¶ 4 and 5. Subsequent to her death, Plaintiff received from Citicards (not PCA) statements for the Citicards account. *Id.* at ¶ 6. Citicards referred the

account to PCA for collection. *Id.* at ¶ 8.  Plaintiff contends he obtained his credit report and observed on it an entry related to his deceased mother's Citicards account. *Id.* at ¶¶ 10 and 11.

PCA is a "collection agency," and not the issuer of credit to Plaintiff's deceased mother.  *See* Pl.s Am. Compl. at ¶ 8 and Affidavit of Robert H. Obringer ("Obringer Aff.") at ¶ *2*.  PCA does not report consumer debts to credit reporting agencies and did not mail to Plaintiff any Citicards statements.  *See* Obringer Aff. at ¶¶ 5 and 6.  Plaintiff's credit report does not contain any reference to PCA with respect to the Citicards account (No. 5491 4920 1449 0548) at issue in this lawsuit.  *Id*. at ¶ 7.

## PLEADING STANDARD

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. Civ. P. 56(c); *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010).  The movant has the burden of establishing there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, National Association*, 601 F.3d 212, 216 (3d. Cir. 2010). "Speculation and conclusory

allegations" are not sufficient. *Ridgewood Board of Education v. N.E.*, 172 F.3d 238, 252 (3d. Cir. 1999) *citing Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d. Cir. 1995).

To demonstrate a genuine issue of material fact exists, "the non-movant must supply sufficient evidence (not mere allegations) for a reasonable jury to find for the non-movant." *Olson v. General Electric Astrospace*, 101 F.3d 947, 951 (3d. Cir. 1996) citing *Coolspring Stone Supply, Inc. v. American States Life Ins. Co.*, 10 F.3d 144, 148 (3d. Cir. 1993). To overcome a motion for summary judgment, the non-moving party must show 'more than a mere scintilla of evidence in its favor' and "cannot survive by relying on supported assertions, conclusory allegations, or mere suspicions. *Astech International, LLC v. Husick*, 676 F.supp.2d 389, 396 (E.D. Pa. 2009) *citing Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d. Cir. 1989).

## ARGUMENT

### POINT I

**PCA DID NOT MAKE A MISREPRESENTATION OF ANY KIND AS TO PLAINTIFF.**

Plaintiff's Intentional Misrepresentation claim against PCA must fail. It is founded upon the predicate that PCA improperly and inaccurately reported information to a credit reporting agency regarding Plaintiff and the underlying Citicards account. PCA did not. *See* Obringer Aff. at ¶ 6. Without this integral

3

predicate, Plaintiff cannot satisfy the requisite elements for maintenance of a claim for Intentional Misrepresentation.

As the Court is aware, under Pennsylvania law, the elements for Intentional Misrepresentation are equivalent to that of fraud: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or with recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) injury resulting and proximately caused by reliance." *Freedom Medical Inc. v. Gillespie*, 2007 WL 2480056 (E.D.Pa.2007)(citing *Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882 (Pa.1994)).

PCA did not make a misrepresentation (nor representation) of any kind to a credit reporting agency about Plaintiff and the subject Citicards account. *See* Obringer Aff. at ¶ 6. The sole support Plaintiff has proffered for his contention of a misrepresentation on the part of PCA is Plaintiff's credit report. A thorough examination of the report evidences that PCA's name does not appear anywhere on the document, which is consistent with the fact that PCA does not report consumer debts to credit reporting agencies. *Id.*

In sum, there is no evidence of a misrepresentation of any kind by PCA. Plaintiff cannot satisfy the elements for a claim of Intentional Misrepresentation. As a result this claim should be dismissed.

## POINT II

### PCA DID NOT ACT IN A NEGLIGENT WAY VIS-À-VIS PLAINTIFF.

There is no basis for maintenance of a negligence claim (contained within the body of Plaintiff's Count I) against PCA.

The requisite elements of a negligence claim are: "a legal duty, a breach of that duty, a causal relationship between the defendant's negligence and plaintiff's injuries and damages." *Reckner v. County of Fayette*, 2011 WL 3810264, at * 6 (W.D.Pa. Aug. 29, 2011) (citing *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 423 (3d Cir. 2002)).

Plaintiff's claim for negligence must fail. Plaintiff has not established (and cannot) a legal duty owed by PCA to him nor a causal relationship between PCA's alleged negligence and plaintiff's alleged injuries and damages. Without this integral showing, plaintiff cannot support his Negligence claim. As such, Plaintiff's Negligence claim should be dismissed.

## POINT III

### PCA DID NOT HARASS PLAINTIFF.

Plaintiff's Harassment Claim should be dismissed. There is no civil cause of action for Harassment under Pennsylvania law. "Pennsylvania has criminalized harassment but has not provided a private cause of action for harassment per se." *Michelfelder v. Bensalem Tp. School Dist.*, 2000 WL 892866 (E.D.Pa. June 30, 2000)(citing *Funderburg v. Gangl*, 1995 WL 222018 (E.D.Pa. Apr. 12, 1995)).

5

The conduct Plaintiff attributes to PCA (which conduct PCA denies) does not rise to the level of criminal activity.  For these reasons, Plaintiff's claim against PCA for Harassment should be dismissed.

## POINT IV

### THERE IS NO BASIS FOR A CLAIM OF PUNITIVE DAMAGES AGAINST PCA.

Plaintiff's claim for Punitive Damages should be dismissed.  There is no basis for the claim, which claim is founded upon Plaintiff's incorrect contention that PCA "[continued] to report negative credit information…" Pl.'s Am. Compl. at ¶ 26.  As discussed, *supra*, PCA does not report consumer debts to credit reporting agencies.  *See* Obringer Aff. at ¶ 5.  Plaintiff's credit report does not contain any reference to PCA.  *Id*. at  ¶ 7, *Ex*. A.  And there is no basis for claims of any kind against PCA.  As such, Plaintiff's final count for Punitive Damages should be dismissed.


## CONCLUSION

For the foregoing reasons, Phillips and Cohen Associates, LTD. respectfully requests the Court grant its Motion for Summary Judgment and enter judgment as a matter of law in its favor.

    /s/ Aaron R. Easley
Aaron R. Easley, Esq. (73683)
Sessions, Fishman, Nathan & Israel, L.L.C.
Attorneys for Defendant
Phillips & Cohen Associates LTD.
200 Route 31 North, Suite 203
Flemington, NJ 08822
(908) 751-5940
fax (908) 751-5944
aeasley@sessions-law.biz

## **CERTIFICATE OF SERVICE**

I certify that on this 15th day of December, 2011, a copy of the foregoing **Memorandum of Law of Defendant Phillips and Cohen Associates, LTD** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

>Michael P. Perry, Esq.
>O'Malley, Harris, Durkin & Perry, P.C.
>345 Wyoming Avenue
>Scranton, PA  18503
>(570) 348-3711
>mperry@omalleyandharris.com
>Attorney for Plaintiff

>/s/ Aaron R. Easley
>Aaron R. Easley, Esq.
>Attorney for Defendant,
>Phillips & Cohen Associates, LTD.

c